

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. R. (Billy) Hall
County Attorney
Lamb County
Littlefield, Texas

O-3132

Dear Sir:

Opinion No. O-3132
Re: Does the Commissioners' Court
have the authority to desig-
nate more than one bank in the
county as county depository?

Your letter of July 28, 1941, requesting an opin-
ion of this department upon the above stated question has
been received.

We quote from your letter as follows:

"I have been instructed by the Commissioner's
Court of this, Lamb County, Texas, to submit to
you for your opinion the following question,
to wit:

"Does the Commissioners Court have authority,
under the laws of the State of Texas to designate
more than one Bank in the County, as the County
depository. That is at the February Term of the
Commissioner's Court does the Commissioner's
Court have authority to at that time designate
one, two or three banks as the County depository,
and keep the County's money in each of the bank
so designated by the Commissioner's Court, at
the proper time as required by law.

"I have checked the R. C. S. of 1925 from
article No. 2544 to 2558A inclusive, and the
decisions there under, and it the opinion of this
office that the Commissioners Court has the au-
thority to at the proper time designate as many

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

banks in the County as they see fit as the
depositories, and keep the County money in
each of the Bank so designated when they
have qualified as County depositories."

Chapter 2, Title 47 (Articles 2544-2558a, inclusive,
Vernon's Annotated Civil Statutes) pertains to the application,
selection, designation and qualification of county depositories.
Article 2546, Vernon's Annotated Civil Statutes, provides in
part:

"It shall be the duty of the Commissioners
Court at ten o'clock a.m. on the first day of
each term at which banks are to be selected as
county depositories, to consider all applica-
tions filed with the County Judge, cause such
applications to be entered upon the minutes of
the court and to select those applicants that
are acceptable and who offer the most favorable
terms and conditions for the handling of such
funds and having the power to reject those whose
management or condition, in the opinion of the
Court, does not warrant placing of county funds
in their possession. The County Commissioners
Court shall have the power to determine and
designate the character and amount of county
funds which will be deposited by it in said de-
positories that shall be 'demand deposits'
and what character and amount of funds shall
be 'time deposits', and may contract with said
depositories in regard to the payment of in-
terest on 'time deposits' at such rate or rates
as may be lawful under any Act of the Congress
of the United States and any rule or regulations
that may be promulgated by the Board of Gov-
ernors of the Federal Reserve System and the
Board of Directors of the Federal Deposit Insur-
ance Corporation. When the selection of a
depository or depositories has been made, the
checks of those applicants which have been re-
jected shall be immediately returned. The
check or checks of the applicant or applicants
whose applications are accepted shall be re-
turned when said depository or depositories
enter into and file the bond required by law
and said bond has been approved by the Commis-
sioners Court and the State Comptroller, and not

until such bond is filed and approved. . . ."

Under the above mentioned statutes, banking corporations, associations or individual bankers desiring to be designated as county depository are authorized to deliver to the county judge an application applying for such funds and said application shall state the amount of paid up capital stock and permanent surpluses of said bank, and there shall be furnished with said application a statement showing the financial condition of said bank and the date of said application, which shall be delivered to the county judge on or before the 1st day of the term of the Commissioners' Court at which the selection of the depository is to be made.

After carefully considering the above mentioned statutes, we agree with the conclusion stated in your letter, and therefore it is our opinion that the Commissioners' Court has the authority at the proper time designated by the statutes, to designate as many banks in the county as they see proper as depositories, and to keep the county money in each of the banks so designated, when said banks have qualified as county depositories under the above mentioned statutes.

However, in this connection we call your attention to our opinion No. O-3238 which holds in effect that the above mentioned statutes clearly require that county depositories are to be selected by the Commissioners' Court from those banking institutions who have regularly made application in accordance with the statutes. Also your attention is directed to our opinion No. O-3172 which holds in effect that the Commissioners' Court has no legal authority to place trust funds in the possession of district clerks and county clerks in different depositories. We are enclosing copies of each of the above mentioned opinions for your information.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:CO

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN